# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN DOE,                Plaintiff | :<br>:<br>: |
| v. | :   C.A. No.:<br>: |
| UNITED STATES DEPARTMENT       OF JUSTICE,<br>WILLIAM P. BARR, as Attorney General of       the United States Department of Justice,<br>UNITED STATES DRUG       ENFORCEMENT ADMINISTRATION<br>and<br>UTTAM DHILLON, as Acting Administrator       of the DEA                Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

## Introduction

1. This action is a de novo review of a judicially reviewable action under 5 U.S.C. §§ 7702 and 7703(b)(2), specifically a Decision of the Merit Systems Protection Board ("MSPB") in the case of Docket No.: PH-0353-18-0140-I-2 ("the Decision"). The Decision became final on October 17, 2019. The Plaintiff, John Doe, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §e et seq., 42 U.S.C. §2000e-5 (enforcement provisions), 42 U.S.C. §2000e-16 and 42 U.S.C. 1981a, the Civil Service Reform Act 1978, 5 U.S.C. §7703(b)(2), §§ 501 and 504 of the Rehabilitation Act of 1973 (29 U.S.C. §701 et. seq., 29 U.S.C. §791) as amended in 1978 to remedy acts of discrimination and other violations of law committed against him by the United States Drug Enforcement Administration ("DEA"), an agency of the United States Department of Justice ("DOJ").

1

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of this case pursuant to Title VII of the Civil Rights Act of 1964, 41 U.S.C. §2000e et. seq., §2000e-5, §2000e-16, the Civil Service Reform Act of 1978 as amended, the Rehabilitation Act of 1973 as amended in 1978, 29 U.S.C. §701 et. seq., and 5 U.S.C. §7703 (b)(2).

**Venue**

3. Venue is proper in this judicial district under 41 U.S.C. §2000e – 5(f)(3) inasmuch as the unlawful employment practices complained of herein were committed in the District of Rhode Island and because the aggrieved person, i.e., the Plaintiff, would have worked in the District of Rhode Island but for the Defendants' unlawful employment practices.

**Parties**

4. Plaintiff is 58 years old, is a citizen of the United States and a resident of the State of Rhode Island. The Plaintiff was employed by the DEA beginning in September 1985. In January 1999 the Plaintiff was separated by the DEA for a compensable work-related injury. At that time, the Plaintiff was employed by the DEA as a Special Agent, Series 1811, Criminal Investigator, classification – Career Tenure Grp. 1, Grade Services (GS) 13 Step 6.

5. The Defendant DOJ is a department within the executive branch of the United States Government.

6. The Defendant William P. Barr is the Attorney General of the United States and is being sued herein in his official capacity as Attorney General.

7. The Defendant DEA is an agency of the DOJ and as such is an agency of the United States Government.

8. The Defendant Uttam Dhillon is the Acting Administrator of the DEA and is being sued herein in his official capacity as Acting Administrator.

## Facts

9. The Plaintiff is a competitive service, career tenure group 1 status employee of the U.S. Justice Department, Drug Enforcement Administration. EOD September, 1985; Post – Providence, RI; Job Series 1811 Criminal Investigator, Special Agent, GS-13 Step 6.

10. Plaintiff sustained an injury which was determined by Department of Labor/Office of Workers' Compensation Programs ("DOL/OWCP") to be a compensable work-related injury for which he received compensation and benefits commencing January, 1999.

11. While out on the compensable work related injury, DEA executed a Form SF-50 on June 9, 2000 without notice to Plaintiff. The executed SF-50 under Section First Action on the form refers to code 330. Code 330 authorizes a department head to remove an employee for a variety of adverse reasons, none of which includes separation for a work-related injury. On the SF form, Code 330 is coupled with legal authority 5 U.S.C. §75 POST APPT. This designates an adverse action which indicates Plaintiff was removed from service by a department head for adverse action. Plaintiff learned of the executed SF-50/adverse action on November 13, 2017 when he received a copy of his OPF from The National Personnel Records Center-Civilian Personnel Records. Plaintiff's SF-50, pursuant to OPM Chapter 31, Separation by other than Retirement, Table 31-C, Codes for Required Remarks, should have the following:

- Section First Action – The 5-A Code should be 61
- Section First Action – The 5-B Code should be "Separated", (after more than one year out on a compensable work-related injury)
- The 5-C Code should be left blank or NA (not applicable)

- The 5-D Legal Authority should be 5 U.S.C. §8102
- Line 45 Remarks should also state the following: "separation due to compensable work-related injury lasting more than one year.  The employee may be entitled to reemployment pursuant to federal law, Rehabilitation Act of 1974."

12.   Plaintiff, as part of a continuing medical evaluation mandated by OWCP, was examined annually from the date of injury through the present.  In or around September 2016, Plaintiff was ordered by OWCP to undergo a second opinion assessment of his work-related medical condition by a medical specialist chosen and contracted by the government.  This was the first time in 17 years a second opinion was requested.

13.   In late September 2016, Plaintiff, as required, underwent the second opinion examination.  Subsequently, the medical specialist prepared a second opinion examination/Work Capacity Evaluation dated September 22, 2016.  In the evaluation, the medical specialist sustained the Plaintiff's original medical diagnosis (PTSD) and claim, as had been accepted and determined by DOL/OWCP since 1999.

14.   On or about April 19, 2017, Plaintiff was notified that his OWCP compensation would be terminated, thereby triggering the Plaintiff's statutory reemployment and restoration rights.

15.   In April 2017, pursuant to the Statutory Placement Program administered under 5 C.F.R. Part 330, Subpart B, Plaintiff contacted DEA and spoke to the Deputy Assistant Administrator requesting inclusion and information relative to the statutory restoration rights and placement on the reemployment priority list.  The Deputy Administrator stated she did not know about the statutory rights or RPL and provided information to the Plaintiff that was inconsistent with the stated purpose of the Program.

16. In June 2017, DEA Boston was directed by DOL/OWCP to place Plaintiff in a light duty position. However, plaintiff was never contacted by DEA regarding placement in a light duty position.

17. In the Spring 2017, after not having received a satisfactory response from DEA to his requests for inclusion on the Reemployment Priority List ("RPL") and restoration, Plaintiff contacted Human Resources at DOJ Main Justice for assistance. After several conversations, Plaintiff was informed DOJ sent DEA the RPL documents to respond to Plaintiff's requests.

18. Plaintiff submitted no less than four (4) requests to be placed on the RPL. The law mandates that the Agency must execute the request and place the employee on the RPL within ten (10) days, see 5 C.F.R. §330.204(c) - Agency Requirements and Responsibility. Plaintiff was not placed on the RPL within the ten (10) day period. However, he was directed by DOJ to apply for any position that he was qualified for. Plaintiff applied for several positions for which he was qualified, yet he was not hired and was denied inclusion. Those positions were Attorney, and Intelligence Analyst/Research Specialist.

19. On January 2018, Plaintiff, as required to first exhaust all administrative remedies, filed a lawsuit with the Merit Systems Protection Board (MSPB), Docket No. PH-0353-18-0140-I-1, to remedy violations of law and discriminatory actions taken against him by DEA. The claims asserted by the Plaintiff were the following:

- Violation of Prohibited Personnel Practices 5 U.S.C. §2302(2)(A)(vii), 5 U.S.C. §2302 (b)(1)(D); 5 U.S.C. §2302(b)(1)(B); unlawful discrimination – disability/accommodation, age

- Agency failure to act in accordance with law. Violation of CFR 330.204(c)

- Failure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement, 5 CFR §353.301 Subpart C, also see parts 302 and 5 CFR Part 330, Subpart B

20.  On February 15, 2018, DEA notified Plaintiff that he was placed on the RPL. However, the Plaintiff was not placed on the RPL for all positions for which he was qualified.

21.  On October 17, 2019, the final decision of the MSPB Docket No. PH-0353-18-0140-I-1was issued, which decision aggrieved the Plaintiff.

22.  As a result of the wrongful and intentional actions by DEA, Plaintiff suffered severe emotional distress, anxiety and depression, which exacerbated his current diagnosed medical condition.  Plaintiff experiences intense anxiety that negatively affects his ability to sleep, concentrate and communicate.  Plaintiff's quality of life and his ability to enjoy life has been diminished as his anxiety and depression cause him to withdraw from normal social activities.

## **Count One**

**(Disability Discrimination in violation of Title VII of the Civil Rights Act of 1964, 41 U.S.C. §2000e et seq.)**

23.  The foregoing paragraphs are re-alleged and incorporated by reference herein.

24.  The Defendant's conduct as alleged herein constitutes discrimination based on disability and failure to accommodate in violate of Title VII.  The reasons for the Defendant's conduct were not the true reasons but instead were pretext to hide the Defendant's discriminatory animus for employees with disabilities, as was their conduct in refusing to seek reasonable accommodations for Plaintiff/employees with disabilities.

## Count Two

**(Age Discrimination in violation of the Age Discrimination in Employee Act (ADEA) 29 U.S.C. 621)**

25. The foregoing paragraphs are re-alleged and incorporated by reference herein.

26. The Defendant's conduct as alleged above constitutes discrimination based on age discrimination in violation of ADEA. The reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

## Count Three

**(Violation of the Rehabilitation Act of 1973, 29 U.S.C. §710 et. seq.)**

27. Plaintiff re-alleges and incorporates by reference each allegation contained in each aforementioned paragraphs as set forth herein

28. DEA has discriminated against Plaintiff by denying him reasonable accommodation for his disability in violation of the Rehabilitation Act of 1973. The reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's failure to comply with the law.

## Count Four

**(Violation of law, rule or regulation 5 U.S.C. 8151; 5 CFR. Section 353, 301, 302 and 303 Specifically 5 U.S.C. 8151; and 5 CFR §353, 301, 302 and 303)**

29. The foregoing paragraphs are re-alleged and incorporated by reference herein.

30. The Defendant's violated Plaintiff's reemployment/restoration and retention rights in violation of law, rule or regulation specifically 5 U.S.C. 8151 and 5 CFR §353, 301, 302 and 303. The reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's failure to comply with the law.

### Count Five

**(Violation of law, rule, regulation or policy – failure to properly and timely place Plaintiff on Reemployment Priority List (RPL))**

31. The foregoing paragraphs are re-alleged and incorporated by reference herein.

32. The Defendant's conduct as alleged above constitutes a violation of law, rule or regulation which eliminated or substantially limited Plaintiff's opportunities for restoration and priority placement. The reasons for the Defendant's conduct were not the true reasons but instead were pretext to hide the Defendant's failure to comply with the law.

### Count Six

**(Violation of law, rule or regulations – DEA failed to properly qualify Plaintiff for positions/jobs which were available and for which he was highly qualified for.)**

33. The foregoing paragraphs are re-alleged and incorporated by reference herein.

34. The Defendant's conduct as alleged above constitutes a violation of law, rule or regulation which precluded Plaintiff for other positions for which he was qualified for and which were available thus violating his restoration/reemployment rights as listed above and incorporated herein. The reasons for the Defendant's conduct were not the true reasons but instead were pretext to hide the Defendant's failure to comply with the law.

### Count Seven

**(Violation of law, rule or regulation, DEA failed to properly classify Plaintiff for positions in the competitive service in violation of Merit Systems Principles and laws mandated by the Civil Service Reform Act (CSRA))**

35. The foregoing paragraphs are re-alleged and incorporated by reference herein.

36. The Defendant's conduct as alleged constitutes a violation of law, rule or regulation, specifically the Merit System Principles and the Provision of the CSRA pertaining to classification, hiring, reemployment of employees who fall under competitive service regulations and laws – DEA failed to implement these classification requirements and bypassed or passed over the Plaintiff for positions which he maintained a priority classification status – career tenure group 1 for placement and selected others not properly classified as career competitive service employees thus not entitled to the position prior to an offer given to Plaintiff.  This also violated the related reemployment restoration rights of the Plaintiff as listed above and incorporated herein.  The reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's failure to comply with the law.

## Count Eight

**(Violation of law, rule, regulation – improperly restricting reemployment-restoration-placement availability to a geographic location, which DEA also claimed had no available positions)**

37. The foregoing paragraphs are re-alleged by reference and incorporated herein.

38. The Defendant's conduct as alleged constitutes a violation of law, rule and regulation limiting or eliminating with regards to the laws concerning reemployment and restoration rights of employees including the mechanism (RPL) statutorily mandated which mandates agency wide (all of DOJ) consideration.  The reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's failure to comply with the law.

## Prayer for Relief

WHEREFORE, Plaintiff requests the following:

39. The Court enter an Order of Judgment against the Defendants in Plaintiff's favor on all claims asserted in this Complaint.

40. Immediate and full restoration to any position Plaintiff is qualified for; including all benefits owed or in arrears.

41. Retirement with credit for all time while out on a compensable injury.

42. All step increases while out on a compensable injury – GS13, Step 6 to Step 10.

43. Properly corrected SF-50.

44. The sum of $300,000 for each year since April, 2017 in compensatory damages suffered because of the violation of discrimination and other laws as set forth within this Complaint.

45. The sum of $500,000 pursuant to 42 U.S.C. §1981a.

46. Reasonable attorney fees, costs incurred and interest pursuant to 42 U.S.C. §1981 et. seq., The Civil Rights Act of 1964 and §102 of the Civil Rights Act of 1991.

47. Such other damages and further relief as this Court deems fair and just.

## Jury Demand

47. Plaintiff requests trial by jury on all claims so triable.

Respectfully submitted this 15th day of November, 2019.

                                                Plaintiff, JOHN DOE
                                                By His Attorney,

                                                <u>/s/ Charles A. Tamuleviz</u>
                                                Charles A. Tamuleviz, Esq., Bar No. 6115
                                                Nixon Peabody LLP
                                                One Citizens Plaza, Suite 500
                                                Providence, RI  02903
                                                Telephone:  401.454.1040
                                                Facsimile:  401.454.1030
                                                E-mail:  ctamuleviz@nixonpeabody.com